ALCID BOWERS *et al.* v. HENRY F. KAUTS.
No. 69.

DIVORCE—*Attorneys' Fees—Dismissal of Action.* Where, in a divorce suit brought by the wife against her husband, an order was duly made requiring the defendant to pay the attorneys for the plaintiff a certain sum therein named, so as to enable them to suitably prepare the case for trial, and the services for which such allowance was made were duly rendered by such attorneys, and the order of the court was not complied with by the defendant nor vacated by the court, and at the solicitation of the defendant the divorce suit was thereafter dismissed at his cost, an action will lie against the defendant in favor of such attorneys to recover the attorneys' fees so allowed by the court.

MEMORANDUM.—Error from Doniphan district court; J. F. THOMPSON, judge. Action by Alcid Bowers and S. L. Ryan against Henry F. Kauts to recover for services as attorneys. Judgment for defendant. Plaintiffs brings the case to this court. Reversed. The opinion herein, filed December 14, 1895, states the material facts.

*W. I. Stuart, S. L. Ryan,* and *A. Bowers,* for plaintiffs in error.

*J. J. Baker,* for defendant in error.

The opinion of the court was delivered by

CLARK, J. : This action was originally commenced before a justice of the peace of Wolf River township, in Doniphan county, and was subsequently taken

upon appeal to the district court of said county. In due time the case was regularly called for trial, and a witness was sworn to testify in behalf of plaintiffs, whereupon the defendant objected to the introduction of any evidence in the case, upon the ground that the plaintiffs' bill of particulars did not state facts sufficient to constitute a cause of action against the defendant. The objection was sustained, and judgment was thereafter rendered against the plaintiffs for costs. They have brought the case to this court for review, and the question for our determination is as to whether or not the court erred in its ruling on the objection to the introduction of any evidence in behalf of the plaintiffs, and this question is fairly presented by the record.

The plaintiffs' bill of particulars alleges that the plaintiffs are, and have been for more than two years prior to the commencement of this action, attorneys at law, with full power and authority to practice in all the district and inferior courts of Kansas; that the defendant and one Alice Kauts are, and for more than 10 years last past have been, husband and wife; that on the 18th day of April, 1890, the defendant and the said Alice Kauts were living separate, and not as husband and wife; that defendant had possession of all the personal property of his said wife, amounting in value to several hundred dollars, which he withheld from her, and appropriated to his own use; that the defendant refused to live or cohabit with his said wife as her husband, and had long prior to the 18th day of April, 1890, refused to permit her to live with him, or occupy their homestead, but rented out the same without her consent, and appropriated the rents thereof to his own use, and left her in destitute circumstances, and because of her ill

health she was unable to provide herself with the
necessaries or comforts of life, and was dependent
upon the charity of friends for maintenance and sup-
port; that the defendant had for a long time thereto-
fore been guilty of extreme cruelty to her, and was an
habitual drunkard; that the defendant was the owner
of certain real and personal property in addition to
their said homestead, in said Doniphan county; that
on the said 18th day of April, 1890, she employed the
plaintiffs, on the credit of the defendant, to bring an
action against him for a divorce and for alimony, and
that on said day they did bring such action in the
district court of Doniphan county, and thereafter,
on due notice to the defendant, procured an order
from the judge of said court for the payment by de-
fendant of temporary alimony for the support and
maintenance of his said wife during the pendency of
said action, which order also provided for the pay-
ment by the defendant to the plaintiffs herein the
sum of $50 as attorneys' fees suitably to prepare said
action for trial; that defendant refused to pay the
greater part of said temporary alimony, and refused
to pay the said $50 attorneys' fee so allowed by
the court, or any part thereof, and that such pro-
ceedings were thereafter had in said action that the
defendant was committed to the jail of said county
by the said court for refusing and neglecting to com-
ply with said order; and that, while defendant was
confined in said jail under said commitment, at the
solicitation of the defendant, the said case was settled,
and, agreeably to the terms of settlement, the said
suit was dismissed at the cost of the defendant, and
he was adjudged by the court to pay all the costs and
expenses of the litigation in that action, and his wife
was adjudged to be the owner of certain personal

property which was therein ordered to be turned over to her. The plaintiffs further allege that it was necessary to perform said legal services and to bring said suit for the protection of, and to secure to, the said Alice Kauts her rights, and therein to obtain said order for the payment of temporary alimony for her support, and the allowance of said attorneys' fees to insure a sufficient preparation of her case, and that said services were reasonably worth $100, and were rendered on the exclusive credit of the defendant; that the plaintiffs had paid out for railroad fare and hotel bills, which were necessary in performing said services, the sum of $10, and that defendant is indebted to the plaintiffs in the sum of $110 with interest, and that the same is just, due, and wholly unpaid; wherefore they pray judgment.

The defendant in error insists that the plaintiffs' bill of particulars fails to state facts sufficient to constitute a cause of action against him, as it does not allege that Mrs. Kauts was authorized by him to make any such contract with the plaintiffs in error and to bind him to pay for services rendered in her behalf in the divorce suit; and that such services cannot properly be classed as necessaries for the payment of which she could pledge her husband's credit; that attorneys' fees for services rendered his wife in a suit brought by her for a divorce, where the suit is subsequently compromised and dismissed, cannot be recovered in an action against the husband; and that, as the bill of particulars shows on its face that an order for attorneys' fees had been made and allowed in the divorce suit, it was the privilege and duty of plaintiffs in error to have their fees taxed as costs against the defendant in that suit and judgment rendered thereon for the same.

We do not feel called upon at this time to decide as to whether or not an action would ordinarily lie in favor of an attorney to recover from the husband for services rendered his wife in a suit against him for a divorce when such services were not specially authorized by him. The issues joined in this case upon the objection to the introduction of evidence do not necessarily involve that question. Section 644 of the code of civil procedure provides that, after the petition has been filed in an action for divorce and alimony, the court, or the judge thereof in vacation, may make such order relative to the expenses of the suit as will insure the wife an efficient preparation of her case. This the court did in that case by making an order requiring the defendant to pay to the plaintiffs in error $50 as attorneys' fees to enable them suitably to prepare the case for trial. This order was never complied with by the defendant, nor was the order vacated, but by agreement between the parties to that action the suit was thereafter dismissed, and the defendant agreed to pay all the costs and expenses of the litigation; and in the journal entry of judgment, a copy of which was attached to the bill of particulars, the defendant was adjudged to pay all such costs and expenses, and the case was dismissed at defendant's cost, and execution was awarded therefor. The order that was made in the divorce suit requiring the defendant to pay the plaintiffs in error the sum of $50 as attorneys' fees was, in effect, an adjudication that that amount was necessary in order to "insure to the wife an efficient preparation of her case." This allowance should have been entered as part of the costs in the case, but whether in fact it was so entered the record does not disclose. After its allowance by the court, it became in effect a judgment for that amount

in favor of the plaintiffs in error, which could be recovered upon execution, or it might be made the basis of a recovery in an independent action against the husband.   The bill of particulars stated a cause of action in favor of the plaintiffs for the amount allowed them by the court in the divorce suit, especially as its sufficiency was challenged in no other manner than by an objection to the introduction of any evidence thereunder, and the court erred in sustaining said objection.

Wherefore the judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.